IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ISSAC GADDY,

      Petitioner,

v.                                                                          CASE NO. 1:20-cv-46-AW-GRJ

MARK INCH,

      Respondent.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, filed on February 19, 2020,[1] ECF

No. 1, and Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2.

Petitioner's motion for leave to proceed as a pauper is due to be

**GRANTED**.  N.D. Fla. Loc. R. 5.3.  For the reasons explained below,

however, it is respectfully **RECOMMENDED** that the Petition should be

**DIMISSED** for lack of jurisdiction.

The Petition stems from Petitioner's January 21, 2010, Alachua

County conviction for aggravated assault with a deadly weapon on a law

---

[1] Although the Court's docket reflects a filing date of February 21, 2020, the "mailbox rule" applies because Petitioner is incarcerated and proceeding *pro se*.  *Romanes v. Sec'y, Dep't of Corr.*, 621 F. Supp. 2d 1249, 1264 n.10 (M.D. Fla. 2008) (citing *Houston v. Lack*, 487 U.S. 266 (1988); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999)).

enforcement officer, assault, and criminal mischief, in Case No. 01-2008-CF-3135, for which he received a sentence of twenty years imprisonment. ECF No. 1 at 1-2. As grounds for relief, Petitioner raises a single claim of "fundamental error" related to his 2010 sentencing. *Id.* at 9.

Petitioner previously sought federal habeas corpus relief from the same state conviction in 2013. *See Gaddy v. Jones*, No. 1:13-cv-158-MP-GRJ, ECF No. 1 (N.D. Fla. Aug. 14, 2013). The Court denied Petitioner's initial petition on October 29, 2015, and declined to issue a certificate of appealability. *Gaddy v. Jones*, No. 1:13-cv-158-MP-GRJ, ECF No. 19 (N.D. Fla. Oct. 29, 2015).

In order to file a second or successive § 2254 petition challenging the same conviction, a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. *Holland v. Sec'y, Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (citing 28 U.S.C. § 2244(b)(3)(A)). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *Id.* (citing *Burton v. Stewart*, 549 U.S. 147, 157 (2007)); *see also In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016) ("The Supreme Court and this Court have held that § 2244(b)(3)(A) is jurisdictional. Stated another way, when a petitioner fails

2

to seek permission from the court of appeals to file a second or successive

petition, the district court lacks jurisdiction to consider it.").

Petitioner has not demonstrated that he has obtained the requisite

authorization from the Eleventh Circuit to file a successive habeas petition,

nor does this Court's review of the PACER case index reflect that he has

done so.  The Court, therefore, must dismiss the instant Petition.  *Bowles v.*

*Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1180 (11th Cir. 2019).

Accordingly, it is **ORDERED** that Petitioner's Motion for Leave to

Proceed *In Forma Pauperis*, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that the Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DISMISSED**

for lack of jurisdiction.

**IN CHAMBERS** this 13th day of March 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and**

**recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.